```
            UNITED STATES DISTRICT COURT
        FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


D.D. (Minor),                  :   CIVIL NO. 1:04-CV-1385
                               :
         Plaintiff             :   (Judge Kane)
                               :
    v.                         :   (Magistrate Judge Smyser)
                               :
JO ANNE B. BARNHART,           :
Commissioner of                :
Social Security,               :
                               :
         Defendant             :
```

**REPORT AND RECOMMENDATION**


The plaintiff has brought this civil action under the authority of 42 U.S.C. § 405(g) to obtain judicial review of the decision of the Commissioner of Social Security denying the claim of the plaintiff for Social Security disability insurance benefits.


On December 9, 2002, the plaintiff, a minor, applied for disability insurance benefits.  The claim is that the minor plaintiff is disabled and accordingly entitled to supplemental security income due to behavioral problems and oppositional

defiant disorder.  The claim was denied initially and on reconsideration.  The plaintiff filed a request for a hearing, and a hearing was held before an administrative law judge (ALJ) on December 8, 2003.   Tr.

At this hearing the plaintiff and the plaintiff's mother testified.  Tr. 160-181.

On January 22, 2004, the ALJ issued his decision denying the plaintiff benefits.  Tr. 10-16.  The Appeals Council denied the plaintiff's request for review (Tr. 7), making the ALJ's decision the final decision of the Commissioner.

The plaintiff filed his complaint with this court on June 28, 2004.  The defendant filed an answer to the complaint and a copy of the administrative record on September 7, 2004. Pursuant to Local Rules 83.40.4 and 83.40.5, the plaintiff filed his brief on November 22, 2004 and the defendant filed her brief on December 23, 2004.   No reply brief has been filed.

2

If the Commissioner's decision is supported by substantial evidence it must be affirmed. 42 U.S.C. § 405(g). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999)(quoting *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995). Substantial evidence is more than a mere scintilla of evidence but less than a preponderance. *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988).

A single piece of evidence is not substantial evidence if the Commissioner ignores countervailing evidence or fails to resolve a conflict created by the evidence. *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993). However, in an adequately developed factual record, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the decision] from being supported by substantial evidence." *Consolo v. Federal Maritime Comm'n*, 383 U.S. 607, 620 (1966).

To facilitate review of the Commissioner's decision under the substantial evidence standard, the Commissioner's decision must be accompanied by "a clear and satisfactory explication of the basis on which it rests." *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981). Conflicts in the evidence must be resolved and the Commissioner must indicate which evidence was accepted, which evidence was rejected, and the reasons for rejecting certain evidence. *Id*. at 706-707. In determining if the Commissioner's decision is supported by substantial evidence the court must scrutinize the record as a whole. *Smith v. Califano*, 637 F.2d 968, 970 (3d Cir. 1981).

The Commissioner has promulgated regulations creating a five-step process to determine if a claimant is disabled. The Commissioner must sequentially determine: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals a listed impairment; (4) whether the claimant's impairment prevents the claimant from doing past relevant work; and, (5) whether the claimant's impairment prevents the claimant from doing any other work.

4

*See* 20 C.F.R. §404.1520 and 20 C.F.R. §416.920.  In the case of a child under 18 years old, however, the Commissioner considers the child's ability: (1) to acquire and use information; (2) to attend and complete tasks; (3) to interact and relate with others; (4) to move about and manipulate objects; (5) to care for oneself; and (6) health and physical well-being.  20 C.F.R. § 416.926a(a)-(b) (2001).  The Commissioner considers whether the child exhibits a "marked" limitation in two of the domains, or an "extreme limitation in one domain.  20 C.F.R. § 416.926a(a).  An impairment is a "marked limitation" if it "interferes seriously with [a person's] ability to independently initiate, sustain, or complete activities."  20 C.F.R. § 416.926a(e)(2)(I).  An "extreme limitation" is defined as a limitation that "interferes very seriously with [a person's] ability to independently initiate, sustain, or complete activities."   20 C.F.R. § 416.926a(e)(3)(I).  The claimant must show that he is "markedly" limited in two of the six childhood domains or "extremely" limited in any one of the six childhood domains to establish a basis for the payment of benefits.

5

The plaintiff argues that results of standard psychological testing in which the plaintiff had scores of more than three standard deviations from the norm in thirteen areas are indicative of either an extreme impairment in one domain of functioning or of marked impairments in two domains of functioning.  Richard E. Dowell, Jr., Ph.D., a licensed clinical neurologist, stated that this test result means that the plaintiff's condition must meet or equal a listed impairment.  Tr. 133-140.

The defendant presents arguments asserting that Dr. Dowell's report does not support the material inferences that the plaintiff would have the court draw from it.

The ALJ has referred to Dr. Dowell's report, and has stated that the report shows a diagnosis of adjustment reaction with mixed disturbance of emotions and conduct with the level of impairment of the claimant's "subclinical" attention deficit disorder being mild.  Tr. 13.  The plaintiff's argument that "[s]urely these standardized scores of more than three deviations from the norm over several areas of functioning

6

constitute [either extreme or marked impairments]" is not shown to be based upon the evidence or upon a scale or set of measures contained in the evidence.  The decision of the ALJ is not shown not to be based upon the evidence.

The plaintiff argues that the ALJ should have called a medical advisor to evaluate the psychological testing results. The plaintiff also asserts that the ALJ erred in not having acted to assure that the record would contain records from Tressler Lutheran Services and a questionnaire from the child's first grade teacher.  The ALJ has a duty to assure that a full and fair record is developed.  *McShea v. Schweiker*, 700 F.2d 117, 119 (3d Cir. 1983); *Hess v. Secretary*, 497 F.2d 837 (3d Cir. 1974).  The defendant responds that in this case the medical record does not fairly raise the issue of whether a listed impairment is met or equalled.  There is no psychological opinion evidence that the child is markedly impaired or extremely impaired in a childhood domain.  The

7

child was evaluated by four psychologists, three of whom had examined him.  We do not find a reason to conclude that the ALJ here failed to develop a full and fair record.

The judicial review of a Commissioner's disability adjudication addressing psychological and developmental impairments in the case of a child is more limited than the review of an adjudication in the case of an adult.  The disability adjudicatory process in the case of an adult involves the consideration of medical and vocational factors in a context that is ultimately about vocational issues.  In the case of a child applicant there are no vocational issues.  A review of findings made as to psychological categorizations bearing labels of "marked" and "extreme" is not amenable to structuring.  The ALJ's decision here not to call for more evidence can be seen to have resulted in a less reviewable record than could have been achieved.  But we do not see there to be a sense in which, based upon what was presented, the lack of conduct to generate more evidence denied the plaintiff a full and fair record.

It is recommended that the plaintiff's appeal be denied and that the file be closed.

> ***/s/ J. Andrew Smyser***
> J. Andrew Smyser
> Magistrate Judge

Dated:   February 8, 2005.