IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| D.D.  (Minor), | : | |
| | : | |
| Plaintiff | : | |
| | : | CIVIL ACTION NO. 1:04-CV-1385 |
| v. | : | |
| | : | (Judge Kane) |
| | : | |
| JO ANNE B. BARNHART, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant | : | |

## MEMORANDUM AND ORDER

Before this Court are Magistrate Judge J. Andrew Smyser's Report and Recommendation
(Doc. No. 16) and Plaintiff's Objections thereto (Doc. No. 17).  For the reasons discussed below,
Plaintiff's Objections will be overruled and the Court will adopt Judge Smyser's Report and
Recommendation.

## I.   BACKGROUND

### A.   Procedural Background

Plaintiff has brought this civil action under 42 U.S.C. § 405(g) seeking judicial review of the
final decision of the Commissioner of Social Security to deny Plaintiff's clam for Social Security
disability insurance benefits under Title XVI of the Social Security Act.

On December 9, 2002, Plaintiff applied for supplemental security income pursuant to sections
1602 and 1614(a)(3)(C) of Title XVI of the Social Security Act.  42 U.S.C. §§ 1381(a) and
1382c(a)(3)(C).  Plaintiff alleged disability due to behavior problems and oppositional defiant disorder.
On February 10, 2003, Defendant denied Plaintiff's claim for supplemental security income upon

determining that Plaintiff's condition was not disabling and that Plaintiff was doing well in school.  (Doc.

No. 11, Record of Transcript at 25) (hereinafter "R. at __").

The Administrative Law Judge ("ALJ") held a hearing on Plaintiff's application on December 8,

2003.  The ALJ issued his decision on January 22, 2004, denying Plaintiff supplemental security

benefits based on the determination that Plaintiff was not disabled.  (R. at 11.)  The ALJ found at steps

one and two of the three-step process for evaluating childhood disability that Plaintiff has never engaged

in any substantial gainful activity and that he suffers from oppositional defiant disorder, a "severe"

medically-determinable impairment.  (R. at 15.)  See also 20 C.F.R. § 416.924 (setting forth the three-

step evaluation process).    At the third step of the analytical process, the ALJ determined Plaintiff's

severe impairments did not meet any of the criteria of any listed impairment found in Appendix 1 to

Subpart P of the Social Security Administration Regulations No. 4.  (R. at 15.)  In addition, the ALJ

determined that Plaintiff's impairments were not functionally equivalent to a listed impairment.  In finding

that Plaintiff's impairments were not functionally equivalent to a listed impairment, the ALJ considered

each of the six domains and either found no impairment or found that Plaintiff's functional limitations

were less severe than marked.  (R. at 14.)  The Appeals Council denied the Plaintiff's request for

review, making the ALJ's decision the final decision of the Commissioner.  (R. at 7.)

Plaintiff filed his complaint with this Court on June 28, 2004, challenging the ALJ's decision.

The Commission filed an answer to the complaint and a copy of the administrative record on

September 7, 2004.  On February 8, 2005, Judge Smyser issued his Report and Recommendation in

which he recommended that the Plaintiff's appeal be denied.  Subsequently, Plaintiff filed Objections to

the Report and Recommendation on February 18, 2005 (Doc. No. 17) and a brief in support of review

on March 18, 2005 (Doc. No. 19).

**B.     Factual Background**

The Plaintiff is an 8 year-old child who resides in Lycoming County, Pennsylvania.  Plaintiff

suffers from oppositional defiant disorder, a severe medically-determinable impairment, as well as

parent-child relational problems, an adjustment reaction with mixed disturbance of emotion and

conduct, and a sub-clinical attention deficit disorder.  (R. at 11 and 15.)

The Plaintiff underwent psychological evaluations after Plaintiff's mother became concerned

about Plaintiff's behavior.  (Doc. No. 14.)  The Plaintiff had exhibited aggressive and inappropriate

behavior, including:  tantrums when he would not get his way; pulling his hair; hitting his wall; breaking

objects; consistently appearing angry; and refusing to listen to commands.  (R. at 100.)  In December

2002, Plaintiff was evaluated by Dr. Paul Kettlewell, a pediatric psychologist at Geisinger Medical

Center.  Dr. Kettlewell diagnosed Plaintiff as having oppositional defiant disorder and deferred the

diagnostic label of attention deficit hyperactivity disorder ("ADHD").  (R. at 101.)  Dr. Kettlewell

rated Plaintiff's current Global Assessment of Functioning ("GAF") at 70, which denotes a mild degree

of impairment in social, occupational, or school functioning; however, Dr. Kettlewell noted that

Plaintiff's academic progress was satisfactory.  (R. at 101.)

In March 2003, Plaintiff was again evaluated in response to his mother's concerns about his

behavior.  Psychologist Bruce G. Anderson, with the Mental Health and Mental Retardation Program,

also diagnosed Plaintiff with oppositional defiant disorder, parent-child relationship problems, and

identified a need to rule out the possibility of ADHD.  (R. at 112.)  Dr. Anderson rated Plaintiff's

current GAF at 60, which denotes a moderate degree of impairment in social, occupational or school

3

functioning.  (R. at 112.)  Dr. Anderson stated that most of the Plaintiff's mother's concerns "sounded

like typical behaviors of a six-year old."  (R. at 111.)

Plaintiff underwent a neuropsychological assessment by a clinical neuropsychologist, Dr.

Richard Dowell, in September 2003.  Dr. Dowell's evaluation of Plaintiff included a Personality

Inventory for Children - Revised ("PIC-R"), a standardized psychological test.  The Plaintiff had scores

more than three standard deviations from the norm in thirteen areas.  (R. at 137.)  Dr. Dowell

diagnosed Plaintiff with Adjustment Reaction with Mixed Disturbance of Emotions and Conduct,

Subclinical Attention Deficit disorder, and a GAF of 70, which indicates a mild impairment.  (R. at

138.)

Despite behavioral problems, Plaintiff's kindergarten and first grade academic performance was

satisfactory.  Although Plaintiff's kindergarten teacher stated that Plaintiff is often tired and requires a lot

of pushing to complete tasks, the teacher noted that he is "progressing nicely" and "[h]e has come so

far this second half of the year."  (R. at 69.)   In the Teacher's Report Form, Plaintiff's kindergarten

teacher indicated that Plaintiff "is motivated to learn, is most often involved in classroom activities, and

is very verbal."  (R. at 73.)  During the first semester of first grade, Plaintiff was rated as nearly meeting

the standard in some areas and as proficient in other areas.  (R. at 68.)  During the second semester of

first grade, Plaintiff received ratings of satisfactory and making progress in every area.

## III.    STANDARD OF REVIEW

The Commissioner's decision to deny benefits must be affirmed if it is supported by substantial

evidence.  42 U.S.C. § 405(g).  Substantial evidence is defined as "more than a mere scintilla.  It

means such relevant evidence as a reasonable mind might accept as adequate."  Plummer v. Apfel, 186

F.3d 422, 427 (3d Cir. 1999) (quoting Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995)).  A

single piece of evidence is insufficient to support the decision if the Commissioner ignores countervailing

evidence or fails to resolve a conflict created by the evidence.  Mason v. Shalala, 994 F.2d 1058, 1064

(3d Cir. 1993).  However, in an adequately developed factual record, substantial evidence may be

"something less than the weight of the evidence, and the possibility of drawing two inconsistent

conclusions from the evidence does not prevent [the decision] from being supported by substantial

evidence."  Consolo v. Federal Maritime Comm'n, 383 U.S. 607, 620 (1966).

    When objections to a report and recommendation have been filed, the Court must make a de

novo consideration of those portions of the report to which objections relate.  Carter v. Apfel, 220 F.

Supp. 2d 393, 395 (M.D. Pa. 2000) (citing Samples v. Deicks, 885 F.2d 1099, 1106 n.3 (3d Cir.

1989)).  In so doing, the Court may accept, reject, or modify the findings and recommendations

contained in the report.  28 U.S.C. § 636(b)(1); Local Rule 72.1.  Further, in the exercise of sound

judicial discretion, the Court may rely on the Magistrate Judge's proposed findings and

recommendations.  United States v. Raddatz, 447 U.S. 667, 676 (1980); Govey v. Clark, 749 F.2d 5,

7 (3d Cir. 1984) ("[t]he Supreme Court has recognized the discretion afforded federal district courts in

their use of magistrate's reports").


## III.    DISCUSSION

    Federal Regulations provide a three-step sequential process for determining disability in

children for the purpose of supplemental security income.  20 C.F.R. § 416.924.  To determine

whether a child claimant is disabled, the Commissioner must determine:  (1) whether the claimant is

engaged in substantial gainful activity; (2) whether the claimant has a severe medically determinable physical or mental impairment; and (3) whether the claimant's impairment meets or equals in severity one of a number of listed impairments that the Commissioner has acknowledged are so severe as to be considered disabling.  See 20 C.F.R. § 416.924.  If the claimant has such an impairment, he is conclusively presumed to be disabled.  20 C.F.R. § 416.924(d).  It is undisputed that Plaintiff is not engaged in substantial gainful activity and that the ALJ determined that Plaintiff suffers from oppositional defiant disorder, which is a severe impairment.  The parties dispute:  (A) whether the ALJ erred by not evaluating standardized testing results that were at least two standard deviations from the mean in finding that Plaintiff did not meet or functionally equal a listed impairment; and (B) whether the Defendant failed to fully develop the record by not having a medical expert evaluate the evidence.

**A.  The ALJ erred did not err by not evaluating standardized psychological testing results that were at least two standard deviations from the mean in finding that Plaintiff did not meet or functionally equal a listed impairment.**

The Plaintiff asserts that the Magistrate Judge failed to analyze the Defendant's failure to properly consider, evaluate, and discuss standardized psychological testing results.  Although Plaintiff suffers from oppositional defiant disorder, the substantial evidence failed to support a finding of marked limitations in two of the six domains, or an extreme limitation in one of the six domains.  An impairment that is functionally equal to a listed impairment is found by considering all relevant factors.  20 C.F.R. § 416.926a(a).  As a result, the standardized psychological test scores taken alone were not outcome determinative.  20 C.F.R. § 416.926a(e)(4).

When the claimant does not have an impairment which meets or medically equals the requirements of any of the listed impairments, it must be determined whether the claimant's impairments

cause functional limitations which equal any of the listed impairments.  There are six domains designated in the Regulations to consider the child's ability:  (1) to acquire and use information; (2) to attend and complete tasks; (3) to interact and relate with others; (4) to move about and manipulate objects; (5) to care for one's own self; and (6) health and physical well-being.  20 C.F.R. § 416.926a(b).  To be functionally equivalent to a listed impairment, the claimant child must exhibit a marked limitation (i.e., a serious interference with ability in two domains), or an extreme limitation (i.e., a very serious interference with ability in one domain).  20 C.F.R. §§ 416.926a(a), 416.926a(e)(2)(I) and 419.926a(e)(3)(I).

All factors relevant to functional limitations are considered in determining the existence of a marked or extreme limitation.  Relevant information includes but is not limited to signs, symptoms, laboratory findings, and descriptions about functioning from parents, teachers, and other people who know the claimant.  20 C.F.R. § 416.926a(e)(1).  However, "[n]o single piece of information taken in isolation can establish whether [a claimant has] a 'marked' or an 'extreme' limitation in a domain."  20 C.F.R. § 416.926a(e)(4)(I).  Standardized test scores are considered together with other relevant information about functioning, including "reports of classroom performance and the observations of school personnel and others."  20 C.F.R. § 416.926a(e)(4)(ii).

The ALJ's determination that Plaintiff is not disabled under section 1614(a)(3)(A) of Title XVI of the Social Security Act, 42 U.S.C. § 1382c(a)(3)(A), was supported by substantial evidence.  The ALJ relied on the psychological assessments of examining psychologists, the results of the standardized psychological test, school records, and teacher reports to determine that Plaintiff had no limitation or less than marked limitation in each of the six domains.  (R. at 11-14.)  Each of the psychological

experts diagnosed Plaintiff with oppositional defiant disorder, which the ALJ recognized as a severe impairment.  (R. at 11.)  In addition, each psychologist stated that Plaintiff was functioning on a level comparable to other children, with only mild or moderate impairment.  (R. at 100, 111, 135, and 136.)  Based on this evidence, the ALJ reasonably concluded that the Plaintiff did not have a medically determinable physical or mental impairment which results in marked or extreme functional limitations.  (R. at 15.)  Therefore, the Plaintiff does not have an impairment that meets or medically or functionally equals the requirements of any of the listed impairments.

Plaintiff's sole reliance on his standardized psychological test results is misplaced.  Although the Plaintiff exhibited scores of more than three standard deviations from the norm in thirteen areas of the PIC-R, the evidence in this case, including all relevant factors, failed to show that Plaintiff was markedly limited or extremely limited in the six childhood domains.  Throughout his opinion, the ALJ cited to Dr. Dowell's report, which was based upon the standardized psychological test results.  (R. at 11-13.)  Dr. Dowell noted that Plaintiff's academic progress was within normal limits.  (R. at 135.)  Dr. Dowell also noted that Plaintiff had a high average to superior intelligence and that his social interaction was generally positive.  (R. at 136.)  In addition, school records reveal Plaintiff was nearly meeting the standard in some academic areas and was proficient in other areas.  (R. at 68.)  Similarly, Plaintiff's teacher indicated that he was "progressing nicely" and was "doing a terrific job."  (R. at 69.)

The psychological assessments, combined with evidence of Plaintiff's social functioning and educational achievements, constitute substantial evidence in support of the ALJ's determination.  Accordingly, the Court cannot agree with Plaintiff's argument that the ALJ erred by not evaluating standardized psychological testing results in finding that Plaintiff did not meet or functionally equal a

8

listed impairment.

**B.     Whether the ALJ was required to call a medical advisor to fully develop the record.**

The Plaintiff argues that the Magistrate Judge erroneously concluded that the ALJ developed a full and fair record because a medical expert did not evaluate the evidence.  "Where the record as it exists at the time of the administrative hearing fairly raises the question of whether a claimant's impairment is equivalent to a listing, a medical expert should evaluate it."  Maniaci v. Apfel, 27 F. Supp. 2d 554, 557 (E.D. Pa. 1986) (citing Honeysucker v. Bowen, 649 F. Supp. 1155, 1158 (N.D. Ill. 1986)).  However, interpreting test results is primarily the responsibility of the psychologist who administered the test.  20 C.F.R. § 416.926a(e)(4)(iii).  Any inconsistency between test results and other relevant factors may be resolved through examination, or by questioning individuals familiar with the claimant's day-to-day functioning.  20 C.F.R. § 4163.926a(e)(4)(iii)(A).

The ALJ did not fail to develop the record because there is no psychological evidence suggesting that Plaintiff is markedly or extremely impaired in any childhood domain.  The Plaintiff has been evaluated by an expert state agency psychologist, as well as by three examining psychologists.  None of the psychological experts, including Dr. Dowell who administered the test, identified any marked or extreme limitations in the functional domains.  (R. at 100, 111, 135, and 136).

The psychological assessments of examining psychologists, combined with the results of the standardized psychological test, school records and teacher reports, constitute substantial evidence in support of finding that Plaintiff had no limitation or less than marked limitation in each of the six domains.  Accordingly, the Court finds no merit in Plaintiff's second asserted ground that the ALJ failed

9

to fully develop the record by failing to call a medical advisor.

**IV.**     **CONCLUSION**

Based on a review of the entire record, including psychological assessments of examining

psychologists, interpretation of the PIC-R standardized test results, school records and teacher reports,

the Court determines that substantial evidence exists to support the ALJ's decision that Plaintiff does

not have a medically determinable physical or mental impairment which results in marked or extreme

functional limitations for the purpose of supplemental security income.

**V.**      **ORDER**

**AND NOW**, this 30th  day of June 2005, for the above reasons and all other reasons fully

stated in Magistrate Judge Smyser's Report and Recommendation (Doc. No. 16), **IT IS ORDERED**

**THAT:**

1.      The Court **ADOPTS** the Report and Recommendation of Magistrate Judge Smyser
        (Doc. No. 16).

2.      Plaintiff's Objections to the Report and Recommendation (Doc. No. 17) are
        **OVERRULED**.

3.      The Clerk of Court shall close the file

                                    S/ Yvette Kane
                                  Yvette Kane
                                  United States District Judge